IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                               PLAINTIFF/RESPONDENT

V.                    No.  2:09-CR-20049-RTD
                      No.  2:11-CV-02126-RTD

CHARLES DEAN                                            DEFENDANT/PETITIONER

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 38 filed July 13, 2011, under 28 U.S.C. Section 2255.  The Government filed its Response, *See ECF No.* 41 on July 25, 2011, and the Petitioner [has not filed a Reply] or the Petitioner filed his Reply, *See ECF No.*   on .

**I. Background**

On September 16, 2009, Charles Dean  was named in a three count Indictment. (ECF No. 1). Count 1 charged that at least as early as September 2008 and continuing until on or about March 27, 2009, Dean conspired with others to distribute cocaine base, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1). Count 2 charged that on or about March 27, 2009, Dean knowingly possessed with intent to distribute more than 5 grams of cocaine base, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  Count 3 charged that on or about March 27, 2009, Dean knowingly possessed with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

The United States filed a Superseding Indictment as to Dean on December 9, 2009. (ECF No. 14). The Superseding Indictment changed Count 1 to include Dean conspired to distribute 50 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

On February 18, 2010, Dean appeared with appointed counsel, Kevin Hickey, before the District Court for a Change of Plea. (ECF No. 31). A written Plea Agreement was presented wherein Dean would plead guilty to Count 1 of the Superseding Indictment and, once the District Court accepted the plea agreement, the United States would move to dismiss Counts 2 and 3 of the Superseding Indictment. (ECF No. 32). The Plea Agreement contained a Stipulation on Drug Quantity, at least 500 grams but less than 1.5 kilograms of cocaine base, which quantity equated to a gross base offense level of 34. (ECF No. 32, ¶ 8). The Plea Agreement set forth that Dean could face not less than 10 years nor more than life imprisonment. (ECF No. 32, ¶ 9). The Plea Agreement also stated Dean acknowledged the actual guideline range could be greater than contemplated by the parties.  (ECF No. 32 ¶ 12). Additionally, the Plea Agreement signed by Dean stated the agreement was not binding on the District Court in that the Court could make any particular application of the Sentencing Guidelines and hand down any specific sentence. (ECF No. 32, ¶ 18). Dean's rights were explained to him and the possible severity of the sentence explained. A factual basis was set forth to which Dean agreed. He then formally entered a plea of guilty to the Superseding Indictment. The Court accepted Dean's plea and ordered a presentence report.

On April 6, 2010, the Probation Office issued Dean's Initial Pre-Sentence Report (PSR). The Initial PSR assessed a base offense level computation of 34. (Initial PSR, ¶ 36). The Initial

PSR added a four point adjustment for the Defendant's role in the offense. (Initial PSR, ¶ 39). After a three point reduction for acceptance of responsibility, Dean's total offense level resulted in 35. (Initial PSR, ¶¶ 42 and 45). Dean was assessed three criminal history points, putting him in criminal history category II. (Initial PSR, ¶ 52). Dean's resulting advisory guidelines range was 188 to 235 months imprisonment, a fine range from $20,000 to $4,000,000, and a term of supervised release of 5 years. (Initial PSR, ¶¶ 67, 70, and 79). The United States advised it had no objections to the Initial PSR. Dean, through counsel Kevin Hickey, advised on April 26, 2010, he had two objections to the Initial PSR. The first objection related to Paragraphs 48 and 50 in which Dean contended the offenses should be considered the same. The second objection was as to the adjustment for role in the offense which resulted in the four level increase.

On April 26, 2010, the Probation Office issued a revised PSR which included an addendum addressing Dean's objections. In response to Dean's first objection, the Probation Office clarified the arrest date in paragraph 50 and no other changes were made as a result of his objection. (Add. to PSR). In response to Dean's second objection, the Probation Office made no changes to the PSR because it found the Stipulation of Facts in Dean's Plea Agreement identified him as the source of supply of drugs and that he had utilized couriers in past drug transports from Houston to Fort Smith. (Add. to PSR).

Defendant filed the instant Motion under 28 U.S.C. § 2255 on July 13, 2011. (ECF No. 38). In his § 2255 Motion, Defendant argues two grounds for relief. First, Defendant argues he received ineffective
assistance of counsel during the plea bargaining and sentencing phase due to counsel's alleged failure to file a timely and proper objection to the PSR's recommendation that he receive a 4

level increase for being a leader or organizer of the charged offense. Secondly, Defendant argues he received ineffective assistance of counsel due to counsel's alleged failure to file a timely and proper motion requesting a downward variance. For relief, Defendant requests the District Court to vacate his sentence and re-sentence him without the leadership or organizer role enhancement and to vary his sentence downward to 120 months imprisonment. Defendant further requests that counsel be appointed to assist him in this matter.

## II. Discussion

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI*. The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would

have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

**A. Leader/Organizer Enhancement:**

Dean alleges in his first ground for relief that his counsel failed to file a timely and proper objection to the PSR's recommendation that his base offense level be enhanced under U.S.S.G. § 3B1.1(a), as a leader or organizer of the charged offense. (ECF No. 38, p. 3). Dean's counsel did object to the enhancement in the PSR but the Probation Office made no changes to the PSR because it found the Stipulation of Facts in Dean's Plea Agreement identified him as the source of supply of drugs and that he had utilized couriers in past drug transports from Houston to Fort Smith. (Add. to PSR).

The Defendant's attorney continued to object at the sentencing hearing to the enhancement and the court took testimony in regards to the requested enhancement. (ECF No. 40, pp. 6-19). Additionally, Dean's counsel offered argument during his sentencing rebutting Probation's finding and requesting the District Court to depart from the four-level increase. (Sent. Tr., pp. 19 - 21 and 23).

The Defendant's contention raised in his argument is that his attorney should have objected "on the grounds that the integration clause of the plea agreement (Plea Agreement, ¶ 24) prohibits the government from inserting into the four corner of the plea agreement, through the PSR, the leadership or organizer role." (ECF No. 38, ¶ 20A). The Defendant's contention, in essence, is that the government was without authority to assess the leader/organizer enhancement against him and his attorney failed to raise this argument. The Defendant's argument, however, is incongruous because he wants the government to adhere to the Plea Bargain agreement where it is beneficial to him but preclude any aspect of the agreement that is beneficial to the Government.

Under the Plea Agreement signed by the Defendant on February 18, 2010 the Defendant's attorney negotiated an agreement by the government to dismiss Counts 2 and 3 for the Defendant's plea on Count I which was the conspiracy count to distribute 50 grams or more of cocaine between September 2008 and March 2009. (ECF No. 32, ¶ 1). Paragraph 13 of the signed Plea Agreement contained a provision which allowed his relevant conduct to be considered (ECF No. 32, ¶ 13) and, it provided that at "the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of the Agreement and/or which is the basis for any of the counts which will be dismissed pursuant to the this agreement, as provided by § 1B1.3 of the Sentencing Guidelines."

Section 3B1.1 provides in part that the district court should enhance a defendant's base offense level by four levels if it finds that he was "an organizer or leader of a criminal activity

that involved five or more participants or was otherwise extensive. It is obvious that the court has the ability and the obligation at sentencing to determine the role the conspirator played in the conspiracy. *See U.S. v. Frieberger*, 28 F. 3d 916 @ 919 (8th Cir., 1994); *U.S. v. Matthews*, 5 F. 3d 1161 (8th Cir., 1993).

The Eighth Circuit has also held that where the count of conviction includes a conspiracy to violate § 841(a), a district court may aggregate amounts attributable to the defendant over a long period of time. *See, e.g., United States v. Smith*, 240 F.3d 732, 737–38 (8th Cir.2001).

For the Defendant's attorney to have objected to the ability of the government to contend for the enhancement would have been meritless. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.,* 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

**2. Sentence Disparity:**

**a. Crack and Powder Cocaine**

The Defendant contends that he was denied effective assistance of counsel due to counsel's alleged failure to request a downward variance due to the disparity in sentences for crack and powder cocaine.

As a result of the Anti-Drug Abuse Act of 1986, Congress set forth different mandatory penalties for cocaine and crack cocaine, with significantly higher punishments (100 to 1) for crack cocaine offenses. It was not until the Fair Sentencing Act of 2010 ("FSA") that Congress made any adjustment to the disparity. The FSA amended the Controlled Substances Act and Controlled Substances Import and Export Act by raising the drug quantities required to trigger mandatory minimum sentences. *See United States v. Bell*, 624 F.3d 803, 814 (7th Cir.2010). Further, the FSA provided the Sentencing Commission with the emergency authority to

promulgate all necessary amendments to the Sentencing Guidelines within 90 days of the FSA's August 3, 2010, enactment. FSA § 8, Pub.L. No. 111–220. Specifically, the Sentencing Commission was charged with "mak[ing] such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." Id. The consequent amendments to the Sentencing Guidelines became effective no later than November 1, 2010. The Sentencing Commission promulgated new guidelines consistent with the FSA ratio of 18:1 between cocaine base and cocaine but the aspect of retroactivity was not addressed.

On June 20, 2011 the United States Sentencing Commission voted unanimously to give retroactive effect to its proposed permanent amendment to the federal sentencing guidelines that implements the Fair Sentencing Act of 2010. Retroactivity of the amendment will become effective on November 1, 2011- the same day that the proposed permanent amendment would take effect - unless Congress acts to disapprove the amendment. (www.ussc.gov/ , viewed August 4, 2011).

The court also notes in this case that the PSR reflects that the conspiracy involved 503.9 g of powder cocaine and 47.9 g of crack cocaine. The PSR report shows that the powder cocaine was converted to crack cocaine on a 1:1 ratio resulting in a total amount of crack cocaine of 551.8 grams. (PSR, ¶ 34).  The court found that the offense level in the Defendant's case was 35 and that he had a criminal history of II and that the guideline range was from 188 to 235 months.

The Defendant's attorney, however, had to operate within the confines of the law as it existed on the day the Defendant was sentenced.  Dean, in his Plea Agreement, agreed to be held accountable for at least 500 grams but less than 1.5 kilograms of cocaine base (ECF No. 32, ¶ 8),

and the District Court was bound to consider the sentencing guidelines for the amount of cocaine base for which Dean was responsible. Although the Supreme Court held in *Kimbrough v. United States*, 552 U.S. 85 (2007), that courts could find the 100:1 crack/powder ratio unreasonable and depart from the sentencing guidelines, nothing in Kimbrough requires the sentencing judge to grant a downward variance based on that disparity. *See United States v. Davis*, 583 F.3d 1081, 1099 (8th Cir. 2009) ("While the district court would have been within its discretion to consider the crack versus powder cocaine disparity in sentencing Davis, the district court certainly was not required to vary downward on this basis.").

Following Kimbrough, the Eighth Circuit has consistently held that district courts are not required to vary downward based on the crack/powder disparity in the advisory guidelines. *See U.S. v. Brewer,* 624 F.3d 900, 909 (C.A.8 (Iowa),2010) citing, *United States v. Woods*, 603 F.3d 1037, 1040 (8th Cir.2010); *United States v. Davis*, 583 F.3d 1081, 1099 (8th Cir.2009), cert. denied, 559 U.S. ——, 130 S.Ct. 1555, 176 L.Ed.2d 143 (2010) but that the district courts have broad discretion under 18 U.S.C. § 3553(a)(6) to consider "any unwarranted disparity created by the crack/powder ratio" and to weigh that factor against the other Section 3553(a) factors. Kimbrough, 552 U.S. at 108.

The District Court had already acknowledged that the sentencing guidelines were advisory and that it had considered the factors noted in 18 U.S.C. § 3553(a), so the District Court was aware that it could depart downward. (Sent. Tr., pp. 24 - 26 and 28). After considering the Section 3553(a) factors, the District Court stated, "I think, however, in your case that an appropriate sentence is going to be a Guideline sentence, and I think it ought to be and should be - - I'm going to impose one at the low end of the Guidelines."

The Defendant's attorney chose not to argue the disparate drug provision but to argue the four level enhancement for his client being an organizer. This was a matter of strategy. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (*quoting Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). See also *Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009) (trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made). It cannot be said that this strategy was not effective since the District Judge sentenced the Defendant to the lowest possible sentence within the guideline range.

**b. Disparity of Sentence between Defendant:**

Additionally under his second ground for relief, Defendant alleges counsel failed to seek a variance based on unwarranted disparities between his sentence and the sentences received by his co-defendants.

As the court has pointed out above the court took testimony and heard argument concerning the Defendant's leadership role in the conspiracy and made a factual determination that the Defendant was a leader and/or organizer in the conspiracy therefore a sentence disparity between the other Defendants was justified.

Defendant's counsel further asked "that the Court do deviate from the Guidelines and sentence Mr. Dean to - - well, if you take the four-level increase off, we're looking at a range of around 120 - 130 months, and we would ask the Court to consider that as an appropriate sentence." (Sent. Tr., pg. 26).

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DENIED WITH PREJUDICE** as to the Defendant's claims that his attorney was ineffective for his failure to argue that his offense level could be increased as an organizer and/or leader and that the Defendant received a dispirit sentence in relation to the other conspirators.

The court further recommends that the Defendant's claim that he received ineffective assistance based on his attorney not raising the disparity between cocaine base and cocaine be **DENIED WITHOUT PREJUDICE** to Defendant's filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)  should Congress act to make the Fairness in Sentencing Act of 2010 retroactive.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this August 4, 2011

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE